IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jerome Eugene Todd | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 6:17-cv-03213-MBS |
| | ) | |
| v. | ) | |
| | ) | |
| Kelvin Washington, U.S. Marshal, | ) | OPINION & ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Jerome Eugene Todd is a federal prisoner who currently is housed in FCI Estill, South Carolina. Plaintiff proceeding pro se, brings this action for a writ of mandamus that would direct Defendant U.S. Marshal, Kelvin Washington, to serve the named defendants in a separate action filed with this court (*Todd v. Sullivan*, 6:17-cv-02696-DCC).[1] In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge Kevin F. McDonald for pretrial handling. This matter is now before the court on the Magistrate Judge's Report and Recommendation filed on March 6, 2018, recommending that the court dismiss the action without prejudice and without issuance and service of process, ECF No. 6, to which Plaintiff filed objections on March 21, 2018, ECF No. 9.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

On November 28, 2017, Plaintiff filed the present action seeking a writ of mandamus to compel U.S. Marshal Kelvin Washington to serve the summons and complaint upon the named Defendants in Case No. 6:17-cv-02696-DCC. ECF No. 1. On February 26, 2018, the Honorable

---

[1] On October 5, 2017, Plaintiff filed a *Bivens* action complaint against government officials, asserting claims under the Trafficking Victims Protection Act ("TVPA"), for forced labor; improper exercise of eminent domain; and for violation of his right access to the courts.

1

Donald C. Coggins, Jr., dismissed Plaintiff's complaint in Case No. 6:17-cv-02696-DCC, on the basis that Plaintiff has failed to prosecute his case and has failed to comply with an order of this court. On March 9, 2018, Judge Coggins denied Plaintiff's motion for reconsideration and also denied Plaintiff's motion to reopen the case on March 13, 2018. *See* Case no. 6:17-cv-02696-DCC, ECF No. 60. The case is currently on appeal to the Fourth Circuit.

On March 6, 2018, the Magistrate Judge issued a Report and Recommendation, recommending that the present action be dismissed without prejudice and without issuance and service of process. ECF No. 6. The Magistrate Judge determined that Plaintiff's "request for mandamus relief fails because the Marshal has no duty to perform in the previous case 6:17-cv-02696-DCC, as that case has been dismissed by Judge Coggins." ECF No. 6 at 3. Therefore, the Magistrate Judge concluded that "the Marshal has no duty to serve any documents on the former named defendants" and the action should be dismissed. *Id*.

On March 21, 2018, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. ECF No. 9. Plaintiff claims he has no other adequate means to attain the relief requested in his previous case and therefore seeks a court order for Defendant to serve the requested documents. *Id*. at 4. Plaintiff further alleges that he is entitled to toll the statute of limitations, due to the extraordinary circumstances of being detained pending the disposition of his case. *Id*. Plaintiff also seeks an opportunity to be heard on his petition for a writ of mandamus. *Id*. at 6.

## II. DISCUSSION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews *de novo* only those

portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed, and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F. 3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court has thoroughly reviewed the record. After accepting the allegations in Plaintiff's complaint as true and drawing all reasonable inferences from those facts in Plaintiff's favor, the court agrees with the Magistrate Judge's recommendation that the action be dismissed without prejudice and without issuance and service of process. The court has the statutory authority to compel an officer or employee of the United States to perform a duty under 28 U.S.C. § 1361. However, the statute requires that the duty to perform must be owed to Plaintiff. *See* 28 U.S.C. § 1361. The court finds that Defendant does not owe Plaintiff a duty to serve the requested documents because the case assigned to Judge Coggins is dismissed.

### III. CONCLUSION

The court ADOPTS the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. ECF No. 6. Defendant U.S. Marshal Kelvin Washington is dismissed without prejudice and without issuance and service of process. Plaintiff has also filed numerous motions relating to a criminal proceeding in the District Court for the Western District of Washington (ECF No. 12, 17, 18, and 20). With respect to these motions, the court finds as follows: Plaintiff's motion for amendment of the detention order, ECF No. 17, and Plaintiff's motion to appeal the detention order, ECF No. 18, is DENIED. *See United States v. Smith,* 200 F. Supp. 3d

192 (D.D.C. 2016) (holding that the District Court Judge who did not issue a detention order lacked statutory authority to review a detention order issued by another District Court Judge) (citing 18 U.S.C. § 3145)). Plaintiff's motion for transportation for revocation proceedings, ECF No. 12, and Plaintiff's motion for judicial notice of the presentence report, ECF No. 20, are DENIED. Plaintiff is advised to file motions relating to his criminal proceeding in the District Court for the Western District of Washington, the district presiding over his revocation proceeding and detention order.

**IT IS SO ORDERED**.

                                               /s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Dated: April 26, 2018
Charleston, South Carolina